UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff*,<br><br>v.<br><br>CITY OF SAN ANTONIO,<br><br>   *Defendant*. | No. 5:24-cv-00255 |

# COMPLAINT

For its Complaint against defendant City of San Antonio, plaintiff United States of America respectfully alleges as follows:

## INTRODUCTION

1. This action arises from a Demolition Order issued by the City of San Antonio Building Standards Board (BSB) for the demolition of a residence located at 2131 Athel Avenue, San Antonio, Bexar County, Texas (the Property).

2. The United States Department of Housing and Urban Development (HUD) holds a valid and perfected lien interest in the Property. Demolition of the structure located on the Property would impair the United States's lien interest.

3. The BSB Order purporting to authorize demolition was not obtained by a State court having jurisdiction of the subject matter, and is barred by the United States's sovereign immunity. 28 U.S.C. § 2410.

4. HUD was not notified of the BSB's proposal to demolish the structure until after the BSB meeting occurred. To date, the United States has not been provided with notice in the manner required by 28 U.S.C. § 2410(b).

5. Because Defendant has not identified a waiver of the United States's sovereign immunity that would permit the BSB to order the demolition of a structure over which the United States maintains a lien interest, and because Defendant has failed to provide notice of the demolition proceeding in the manner required by federal, state, and municipal law, the BSB's Demolition Order is invalid and unenforceable.

6. Even if the BSB Demolition Order is not declared invalid, the United States is entitled to *de novo* review of the BSB's Order in this Court pursuant to 28 U.S.C. § 1345 and Texas Local Government Code 214.0012. *See generally City of Dallas v. Stewart*, 361 S.W.3d 562, 569 (Tex. 2012).

## PARTIES

7. Plaintiff is the United States of America, acting on behalf of the United States Department of Housing and Urban Development, an executive department of the Federal government.

8. Defendant San Antonio is a municipality organized and existing under the laws of the State of Texas, and its agencies and departments are governed by the provisions of the Charter of the City of San Antonio. San Antonio is authorized by law to control and maintain all agencies and departments of the City, including the BSB.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1345.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the actions or omissions giving rise to the Plaintiff's allegations occurred in the Western District of

Texas. Venue is proper in the San Antonio Division because all or a substantial part of the events or omissions giving rise to this cause of action took place at or near San Antonio, Texas.

### FACTUAL ALLEGATIONS

11. In 2010, Cesario Pena, the owner of the Property, took out a HUD-insured Home Equity Conversion Mortgage (HECM), also referred to as a "reverse mortgage." *See generally* 12 U.S.C. § 1715z-20; *Bartolomeo USA, L.L.C. v. United States Dep't of Hous. & Urb. Dev.*, No. 21-10493, 2021 WL 5458117, at *1 (5th Cir. Nov. 22, 2021) (describing HECM program).

12. Pursuant to the HECM program, a private lender, Wells Fargo Bank, N.A., issued a note for $72,000, plus interest, secured by a Deed of Trust (First DOT), which was recorded in the property records of Bexar County, Texas, on May 10, 2010. *See* **Exhibit A** (First Note and Deed of Trust). Additionally, the borrower, Pena, executed a second Note and Deed of Trust (Second DOT) naming the Secretary of the United States Department of Housing and Urban Development as Trustee, which was recorded in the property records of Bexar County on September 22, 2010. *See* **Exhibit B** (Second Note and Deed of Trust).

13. In 2017, the First DOT was assigned by Wells Fargo Bank, N.A., to the Secretary of the United States Department of Housing and Urban Development. *See* **Exhibit C**. The Assignment was recorded in the property records of Bexar County on April 10, 2017. ***Id.***

14. On or about January 20, 2024, the borrower, Pena, died. Upon Mr. Pena's death, the sums secured by the First DOT and the Second DOT accelerated and became immediately due and payable.

15. On February 1, 2024, the BSB held a hearing pursuant to Article VIII, Chapter 6 of the City Code of San Antonio to consider whether the structure on the Property constituted a public nuisance. Upon information and belief, HUD was not provided with prior notice of this hearing.

Rather, on February 7, 2024, a notice of the February 1 hearing was received by Compu-Link Corporation, a HUD servicing contractor, which subsequently forwarded the Notice to a regional HUD office where it was received the following week. By the time the HUD regional office received notice of the February 1 hearing, the BSB had entered its Demolition Order, dated February 8, 2024. The Demolition Order was emailed by a BSB liaison to a HUD regional office on February 16, 2024.

16. Section 2410 of Title 28 of the U.S. Code governs actions affecting property on which the United States has a lien. That section waives the sovereign immunity of the United States "in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter" as to claims to quiet title to, foreclose a mortgage or other lien upon, partition, condemn, or for interpleader or an action in the nature of interpleader with respect to real or personal property on which the United States has or claims a mortgage or other lien. 28 U.S.C. § 2410.

17. The BSB is not a state court. Rather, it is a municipal board established pursuant to Article VIII of the City Code of San Antonio. A proceeding before the BSB is not a "civil action" or a "suit," but is a municipal administrative proceeding. *See* San Antonio City Code Sec. 6-155.1–6-174.

18. Section 2410 of Title 28 of the U.S. Code also sets forth notice requirements for actions affecting property on which the United States has a lien, requiring that:

> In actions in the State courts service upon the United States shall be made by serving the process of the court with a copy of the complaint upon the United States attorney for the district in which the action is brought or upon an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court in which the action is brought and by sending copies of the process and complaint, by registered

> mail, or by certified mail, to the Attorney General of the United
> States at Washington, District of Columbia.

28 U.S.C. § 2410(b).

19. Additionally, the procedures of the BSB require the BSB director to "make a reasonable search of the instruments on file in the office of the county clerk" to "identify mortgagees and lienholders" and "notify in writing the owner and each lienholder or mortgagee, before the public hearing." *See* San Antonio City Code Section 6-162.

## CLAIMS

<u>COUNT I</u>

20. The United States realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

21. A court has no jurisdiction to entertain a suit against the United States except where Congress has consented. *See, e.g.*, *United States v. Testan*, 424 U.S. 392, 399 (1976). The terms of any consent to be sued in any court define that court's jurisdiction to entertain the suit. *Id.*

22. Congress has waived the United States's sovereign immunity to allow the United States to be added as a party "in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter" as to claims to quiet title to, foreclose a mortgage or other lien upon, partition, condemn, or for interpleader or an action in the nature of interpleader with respect to real or personal property on which the United States has or claims a mortgage or other lien. 28 U.S.C. § 2410.

23. The BSB Demolition Order did not arise within Section 2410's limited waiver of sovereign immunity. The BSB is not a court; an administrative proceeding before the BSB is not a "civil action" or "suit"; and the United States was not added as a party to the BSB proceeding, of which it did not receive pre-hearing notice as required by federal and local law.

24. The City of San Antonio has not identified any other waiver of sovereign immunity that would permit the BSB to order the demolition of property in which the United States maintains a lien interest.

25. The United States is entitled to a declaration that the BSB Demolition Order is barred by the United States's sovereign immunity, and is therefore invalid and unenforceable. 28 U.S.C. § 2201.

## COUNT II

26. The United States realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

27. Regardless of whether the BSB Demolition Order is declared invalid, the United States is entitled to *de novo* review of the Demolition Order pursuant to Section 214.0012 of the Texas Local Government Code.

## PRAYER FOR RELIEF

Plaintiff prays that the Court enter an Order that:

1. Declares that the BSB's Order for the demolition of the structure located at 2131 Athel Avenue is in violation of Plaintiff's sovereign immunity and is therefore invalid and unenforceable;

2. Enjoins San Antonio, its officers, employees, agents, successors, and all other persons in active concert or participation with any of them, from demolishing the structure located at 2131 Athel Avenue or from otherwise impairing Plaintiff's lien interest in the Property absent an order obtained from a court of competent jurisdiction in accordance with 28 U.S.C. § 2410; and

3. Grants such additional relief as the interests of justice may require.

Dated: March 12, 2024.                    Respectfully submitted,

                                            **Jaime Esparza**
                                            United States Attorney

                      By:    */s/ Robert D. Green*
                                            Robert D. Green
                                            Assistant United States Attorney
                                            Texas Bar No. 24087626
                                            601 NW Loop 410, Suite 600
                                            San Antonio, Texas  78216
                                            (210) 384-7362 (phone)
                                            (210) 384-7312 (fax)
                                            robert.green3@usdoj.gov

                                            ***Attorneys for Plaintiff***