UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**UNITED STATES OF AMERICA,**

   *Plaintiff*,

**v.**                                                   Case No. 5:24-CV-00255-JKP

**CITY OF SAN ANTONIO,**

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant City of San Antonio's Motion to Dismiss Plaintiff United States of America's (the "United States") Complaint for lack of subject matter jurisdiction and failure to state a claim. *ECF No. 10*. The United States filed a Response. *ECF No. 15*. Upon consideration, the Court concludes the City of San Antonio's Motion shall be **DENIED**.

## BACKGROUND

This case arises from a Demolition Order issued by the City of San Antonio Building Standards Board ("BSB") for the demolition of a structure located at 2131 Athel Avenue, San Antonio, Texas ("the Property") which is encumbered by a federal lien interest. *ECF No. 1 at 1*.

In 2010, Cesario Pena, the owner of the Property, obtained a United States Department of Housing and Urban Development ("HUD") insured Home Equity Conversion Mortgage ("HECM"). *Id. at 3*. Pursuant to the HECM program, Wells Fargo Bank, N.A. issued a Note for $72,000, plus interest, secured by a Deed of Trust ("First DOT"). *Id. at 3*. Pena executed a second Note and Deed of Trust ("Second DOT") naming the Secretary of HUD as Trustee. *Id. at 3*. In 2017, Wells Fargo Bank, N.A. assigned the First DOT to HUD. *Id. at 3*.

On or about January 20, 2024, the borrower, Mr. Pena, died. *Id. at 3*. Upon Mr. Pena's death, the sums secured by the First DOT and the Second DOT accelerated and became immediately due and payable. *Id. at 3*.

On February 1, 2024, the BSB held a hearing to consider whether the structure on the Property constituted a public nuisance. *Id. at 3*. On February 8, 2024, the BSB entered the Demolition Order. *Id. at 3*.

In its Complaint, the United States asserts two causes of action. *Id. at 5–6*. First, the United States seeks a declaration that the BSB's Demolition Order is invalid and unenforceable. *Id. at 5–6*. Second, the United States requests review of the BSB's Demolition Order under Texas Local Government Code § 214.0012. *Id. at 6*.

The City of San Antonio moves to dismiss the United States' Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *ECF No. 10 at 1*.

For the reasons discussed herein, the Court concludes the Motion shall be denied.

**I.   Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)**

The City of San Antonio challenges the Court's subject matter jurisdiction contending: (1) the underlying dispute concerns Texas law and procedure; (2) it possesses sovereign immunity from suit; and (3) the United States failed to exhaust its administrative remedies. *ECF No. 10 at 1–3, 13–17*. In Response, the United States asserts it has properly brought suit in federal court to vindicate a federal property interest. *ECF No. 15 at 7*.

### LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with another Federal Rule of Civil Procedure 12 motion, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

The party asserting jurisdiction bears the burden of proof upon a jurisdictional challenge filed pursuant to Rule 12(b)(1). *Ramming*, 281 F.3d at 161. Consequently, to survive a Rule 12(b)(1) motion, the nonmovant must affirmatively demonstrate the Court has subject matter jurisdiction over the case. Should the Court lack statutory or constitutional power to adjudicate the case, the case shall be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

In determination of a Rule 12(b)(1) jurisdictional challenge, the Court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Further, the Court may consider material outside matter attached to a motion to dismiss, without converting it to a motion for summary judgment, if the matter is pertinent to the question of the Court's

jurisdiction because a Court always has an obligation to examine the basis of its jurisdiction. *State of Ala. ex rel. Baxley v. Woody*, 473 F.2d 10, 12 (5th Cir. 1973).

## ANALYSIS

28 U.S.C. § 1345 grants broad jurisdictional power to the district courts over suits when the United States is plaintiff. The statute provides:

> Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

28 U.S.C. § 1345. In light of 28 U.S.C. § 1345, the United States needs no additional grant of subject matter jurisdiction to sue in the district courts. *Marshall v. Gibson's Products, Inc. of Plano*, 584 F.2d 668, 676 n. 10 (5th Cir. 1978). 28 U.S.C. § 1345 can only be limited, as the initial proviso provides, by (1) an explicit repeal of the statute by an Act of Congress or (2) an implicit repeal by total irreconcilability with a later statute. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 808 (1976).

In both its Complaint and Response to the City of San Antonio's Motion to Dismiss, the United States invokes subject matter jurisdiction pursuant to 28 U.S.C. § 1345. *ECF No. 1 at 2; ECF No. 15 at 7–8*. In order to show an explicit repeal of a grant of subject matter jurisdiction under 28 U.S.C. § 1345, the City of San Antonio must point to a later enacted statute which by its terms explicitly repeals this jurisdiction. If Congress has not explicitly repealed subject matter jurisdiction under 28 U.S.C. § 1345, then the City of San Antonio must point to a total irreconcilability with a later statute. In its Motion to Dismiss, the City of San Antonio does not address 28 U.S.C. § 1345 or reference any statute explicitly repealing the Court's original jurisdiction over this matter. Moreover, the City of San Antonio does not argue implicit repeal of the Court's original jurisdiction. Accordingly, the Court finds the United States has affirmatively

4

demonstrated the Court has subject matter jurisdiction over this case through 28 U.S.C. § 1345.

Further, the City of San Antonio's argument the United States' Complaint should be dismissed because the underlying dispute concerns Texas law and procedure fails. The broad scope of the plain language of 28 U.S.C. § 1345 provides jurisdiction for the Court to hear "all civil actions, suits or proceedings commenced by the United States." Thus, while the United States' second cause of action requests review of the BSB's Demolition Order under Texas Local Government Code § 214.0012, the Court maintains subject matter jurisdiction because the United States filed the Complaint.

Additionally, the City of San Antonio's argument it possesses sovereign immunity from suit fails. It is well-established that sovereign immunity under the Eleventh Amendment operates only to protect States from private lawsuits—not from lawsuits by the federal government. *E.E.O.C. v. Bd. of Sup'rs for Univ. of Louisiana Sys.*, 559 F.3d 270, 272 (5th Cir. 2009). In its Motion to Dismiss, the City of San Antonio traces its sovereign immunity to provisions found in the Texas Local Government Code. *ECF No. 10 at 14*. Assuming without deciding those provisions provide the City of San Antonio sovereign immunity from private lawsuits under state law, it does not prevent lawsuits by the United States.

Finally, the City of San Antonio's argument the United States failed to exhaust its administrative remedies is unavailing. The City of San Antonio cites the Supreme Court's decision in *McKart v. U.S.* in support of dismissal. 395 U.S. 185, 193 (1969). *McKart* is distinguishable. In *McKart*, the Supreme Court evaluated whether a plaintiff could raise a defense to criminal prosecution for failure to report for and submit to induction into the Armed Forces of the United States. *Id*. at 187. Moreover, the Supreme Court held "we cannot agree that application of the exhaustion doctrine would be proper." *Id*. at 197. Consequently, to the extent

the City of San Antonio relies on this authority, its argument in this regard must fail.

Also as support for its position, the City of San Antonio cites to the Texas Supreme Court's decision in *City of Dallas v. Stewart*. 361 S.W.3d 562 (Tex. 2012). In *Stewart*, a plaintiff challenged an administrative nuisance determination under the Texas Constitution's Due Process and Takings Clauses. *Id*. at 564–65. As the United States points out in its Response, "[t]he United States does not assert a taking . . . the structure remains intact." *ECF No. 15 at 10 n. 4*. Thus, *Stewart* is inapposite under these facts.

For these reasons, the Court finds the United States has affirmatively demonstrated the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1345.

## II.   Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

The City of San Antonio also moves to dismiss the United States' Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). *ECF No. 10 at 1*. In its Response, the United States points out the City of San Antonio filed its Motion Dismiss after it filed its responsive pleading. *ECF No. 15 at 6 n. 2*. Therefore, the United States contends, the City of San Antonio's arguments under Rule 12(b)(6) are untimely. *Id*.

Rule 12(b)(6) provides "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." However, a party is allowed to assert the defense of "failure to state a claim upon which relief can be granted" by motion. *Id*. The rule provides further a "motion asserting any of these defenses [i.e. failure to state a claim] must be made before pleading if a responsive pleading is allowed." *Id*.

Here, the City of San Antonio filed its Answer to the United States' Complaint on April 3, 2024, (*ECF No. 7*), thereby making its Rule 12(b)(6) motion filed May 21, 2024, (*ECF No. 10*), untimely. However, courts have considered post-answer motions to dismiss as being

6

properly before the court "as long as the movant also raised the defense of failure to state a claim in his or her answer." *Est. of Aragon v. City of San Antonio, Tex.*, No. 5:14-CV-00673, 2015 WL 13793383, at * 1 (W.D. Tex. June 3, 2015). In the City of San Antonio's Answer, the assertion is made that "Plaintiff's Complaint fails to state a cause of action upon which relief can be granted." *ECF No. 7 at 1*. Accordingly, the Court may consider the City of San Antonio's arguments under Rule 12(b)(6).

## LEGAL STANDARD

"To prevail on a motion to dismiss an ordinary claim under [Rule] 12(b)(6)," the defendant "must show" that the plaintiff is unable to satisfy the applicable standard for stating a claim under Federal Rule of Civil Procedure 8(a). *Cantu v. Guerra*, No. 5:20-CV-746-JKP, 2021 WL 2636017, at * 1 (W.D. Tex. June 25, 2021). This means that, despite the natural focus on the allegations of the operative pleading, the movant has the burden on a motion to dismiss under Rule 12(b)(6). *Id*. Courts, furthermore, may find conclusory statements insufficient to support dismissal under Rule 12(b)(6), especially when the movant disregards relevant portions of the operative pleading. *Id*. And, when the movant presents "no argument or authority for the plaintiffs to refute or this Court to consider," the movant has failed to carry its burden. *Id*. Mere invocation of Rule 12(b)(6) is insufficient to carry movant's burden. *Id*.

In assessing a Motion to Dismiss under Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby*

*Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

## ANALYSIS

Pursuant to Rule 12(b)(6), the City of San Antonio moves to dismiss the causes of action asserted against it for the United States' failure to state a claim upon which relief can be granted. However, the Motion lacks any significant argument regarding Rule 12(b)(6). *ECF No. 10 at 1*. Reviewing the Motion, the only argument relating to Rule 12(b)(6) is found on page seven where the City of San Antonio states: "Defendant asserts that Plaintiff's Complaint (the "Complaint") fails to state . . . a cause of action against the City upon which relief may be granted." *Id*. at 7. As this is the only argument presented for dismissal, the City of San Antonio has not carried its burden to support dismissal under Rule 12(b)(6). *Cantu*, 2021 WL 2636017, at * 1.

While the City of San Antonio also labels the United States' Complaint an "impermissible collateral attack" and urges judicial economy makes this lawsuit more suitable for resolution in state court, the City of San Antonio provides inadequate support for its claims. *ECF No. 10 at 10, 14, 17*. Thus, whether the City of San Antonio is arguing collateral *estoppel* is unclear. The City of San Antonio cites no authority related to collateral estoppel and no rules of preclusion regarding federal courts' review of state administrative decisions. Nor does the City of San Antonio request abstention. The Court will not engage further in speculation as to whether any defense may bar the United States' causes of action as the City of San Antonio has not adequately supported its arguments.

On the present Motion, such additional assessment would essentially amount to judicial screening of the causes of action asserted in this case. Rule 12(b)(6) is not a judicial screening mechanism like 28 U.S.C. § 1915(e)(2) for actions commenced *in forma pauperis* or § 1915A for

actions filed by prisoners. *Cantu*, 2021 WL 2636017, at * 1. Instead, it is a vehicle for a party to affirmatively seek dismissal. *Id*. Invocation of Rule 12(b)(6) places the burden on the movant to show that dismissal is warranted. *Id*. Unlike a Rule 12(b)(1) motion where the burden is on the party asserting subject matter jurisdiction, the movant has the burden to show dismissal is warranted under Rule 12(b)(6). *Id*.

Accordingly, the Court finds the City of San Antonio has not met its burden here.

## CONCLUSION

For the reasons discussed, the City of San Antonio's Motion to Dismiss (*ECF No. 10*) the United States' Complaint for lack of subject matter jurisdiction and failure to state a claim is **DENIED**.

It is so ORDERED.
SIGNED this 18th day of October, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE